NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN ADRAIN, | No. 18-35960 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-00142-SAB |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of Washington
Stanley Allen Bastian, District Judge, Presiding

Submitted November 8, 2019**
Seattle, Washington

Before: GOULD and NGUYEN, Circuit Judges, and PRESNELL,*** District
Judge.

In this diversity action arising under Washington law, John Adrain appeals

from: (1) the district court's denial of his motion to compel discovery; and (2) the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gregory A. Presnell, United States District Judge for
the Middle District of Florida, sitting by designation.

district court's grant of summary judgment to Wells Fargo Bank, N.A. and HSBC Bank, USA, National Association as Trustee for Wells Fargo Asset Securities Corporation Mortgage Pass-Through Certificates Series 2006-AR10 (collectively "Wells Fargo"). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court did not abuse its discretion by denying Adrain's motion to compel discovery. *See Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Adrain voluntarily withdrew one of the discovery requests at a hearing before the district court, and the remaining two requests were properly denied because they were overbroad.

2. Reviewing de novo, *Rearden LLC v. Rearden Commerce, Inc.*, 683 F.3d 1190, 1202 (9th Cir. 2012), we affirm the district court's grant of summary judgment to Wells Fargo.

Wells Fargo is entitled to summary judgment on the Washington Consumer Protection Act ("CPA") claim. *See* Wash. Rev. Code § 19.86.020. To prevail on a CPA claim, a private plaintiff bears the burden of proving, among other things, that the defendant engaged in "an unfair or deceptive act or practice." *Panag v. Farmers Ins. Co. of Wash.*, 204 P.3d 885, 889 (Wash. 2009). Here, the acts at issue were not, as a matter of law, unfair or deceptive under the CPA. *See Trujillo v. Nw. Tr. Servs., Inc.*, 355 P.3d 1100, 1107 (Wash. 2015) ("Whether an act is unfair or deceptive is a question of law.").

First, the record contains no evidence that Wells Fargo mediated in bad faith notwithstanding the mediator's good faith certification, *see* Wash. Rev. Code § 61.24.163(12)(d), and the statement in Adrain's declaration that the mediator was "very friendly" and "on a first name basis" with Wells Fargo's representatives does not create a triable issue of fact as to whether the mediator was biased. Second, the record evidence shows that Wells Fargo's document requests were made for the purpose of evaluating Adrain's various loan modification requests. *See Klem v. Wash. Mut. Bank*, 295 P.3d 1179, 1186–87 (Wash. 2013) (defining what constitutes an "unfair" practice within the meaning of the CPA).

Third, Wells Fargo did not make any misleading statements regarding Adrain's eligibility for loan modification under the Home Affordable Modification Program ("HAMP") by informing him that he might qualify for a modification under a new program that is "like" HAMP, or by sending him a form letter that describes HAMP as one "mortgage loan modification option[]" among others that "may be available" if "you're behind on your mortgage payments." Fourth, Wells Fargo's assignment of its beneficial interest in the deed of trust was neither deceptive nor unfair because Wells Fargo was not required to inform Adrain of the assignment.

Wells Fargo is also entitled to summary judgment on Adrain's remaining claims. Because the record contains no evidence that Wells Fargo ever provided

Adrain any false information regarding his eligibility for a loan modification under HAMP, the negligent misrepresentation claim fails as a matter of law. *See Specialty Asphalt & Constr., LLC v. Lincoln Cty.*, 421 P.3d 925, 934 (Wash. 2018) (describing the provision of false information as one element of a negligent misrepresentation claim). The Washington Foreclosure Fairness Act ("FFA") claim also fails as a matter of law because Washington does not recognize an independent cause of action under the FFA absent a completed foreclosure sale. *Frias v. Asset Foreclosure Servs., Inc.*, 334 P.3d 529, 533–34 (Wash. 2014).

**AFFIRMED.**